UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SIR A. BROWN, ) | |
| ) | |
| *Petitioner* ) | |
| ) | |
| vs. ) | CAUSE NO. 3:08-CV-18 RM |
| ) | (Arising out of 3:06-CR-81(01)RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent* ) | |

OPINION and ORDER

On October 25, 2006, Magistrate Judge Christopher Nuechterlein conducted a hearing in which Sir Brown pleaded guilty to Count 1 of the Indictment charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) in accordance with the terms of a plea agreement. On January 4, 2007, the court sentenced Mr. Brown to a term of 60 months' imprisonment to be followed by a four-year term of supervised release. Count 2, which charged Mr. Brown with distribution of cocaine base in an amount in excess of 5 grams, was dismissed on the government's motion following sentencing. Mr. Brown is now before the court seeking to have his conviction and sentence vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

In his plea agreement. Mr. Brown waived his right to appeal his sentence and to contest his sentence in a § 2255 proceeding, except as to a claim of ineffective assistance of counsel relating directly to the waiver of his right to appeal or its negotiation. Mr. Brown's plea agreement, signed by Mr. Brown, his attorney Jay Stevens, and Assistant United States Attorney Lesley Miller Lowery contains the following language in paragraph 9(f):

> (F) . . . I expressly waive my right to appeal or to contest my conviction and my sentence *[and any restitution order imposed]* or the manner in which my conviction or my sentence *[or the restitution order]* was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily," United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999), and that a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which

2

relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Brown alleges that his trial counsel was ineffective in his representation, that his plea was not entered into voluntarily, and that his sentence was contrary to law, and that the prosecutor used race as a factor in charging him.

An examination of Mr. Brown's § 2255 petition shows that his nine claims all center around his contention that scientific evidence proves that no distinct substance as "crack" exists and hence the crack statute is Constitutionally invalid. Mr. Brown also argues that the 100 to 1 ratio of crack to cocaine hydrochloride and cocaine base violates the Fifth and Eighth Amendments of the Constitution. Lastly, Mr. Brown contends that the prosecutor and defense counsel used fraud in the inducement/execution, undue influence and misrepresentation by nondisclosure to secure the plea agreement by intentionally misrepresenting that a substance such as crack scientifically or chemically exists. Mr. Brown never asserts that he received ineffective assistance of counsel when directly negotiating the waiver of his right to appeal. Accordingly, Mr. Brown's petition filed pursuant to 28 U.S.C. § 2255 is SUMMARILY DISMISSED. For the above reasons, Mr. Brown's motion to stay the government's motion to dismiss the 2255 petition is also denied.

SO ORDERED.

ENTERED:  March 12, 2008

                                 /s/ Robert L. Miller, Jr.
                                 Chief Judge
                                 United States District Court