UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SIR A. BROWN,            )<br>                          )<br>          *Petitioner*    )<br>                          )<br>     vs.                  )<br>                          )<br>UNITED STATES OF AMERICA, )<br>                          )<br>          *Respondent*    ) | CAUSE NO. 3:08-CV-18 RM<br>(Arising out of 3:06-CR-81(01) RM) |

OPINION and ORDER

On March 12, 2008, the court denied Sir Brown's petition filed pursuant to 28 U.S.C. § 2255 based on Mr. Brown's waiver, in his plea agreement, of his right to appeal and to file a habeas petition, except as to a claim of ineffective assistance of counsel relating directly to the waiver of his right to appeal or its negotiation. Mr. Brown is before the court requesting a certificate of appealability, that he be permitted to proceed *in forma pauperis* on his appeal, and for assignment of counsel. Mr. Brown represents that he is indigent and unable to pay the filing fee.

Issuance of a certificate of appealability requires the court to find that Mr. Brown has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not. In his plea agreement, Mr. Brown waived his right to file a petition under § 2255, except as to a claim of ineffective assistance of counsel relating directly to the waiver of his right to appeal or its negotiation. An examination of Mr. Brown's § 2255 petition shows that his nine claims all center

around his contention that scientific evidence proves that no distinct substance as "crack" exists and hence the crack statute is constitutionally invalid. Mr. Brown also argues that the 100:1 ratio of crack to cocaine hydrochloride and cocaine base violates the Fifth and Eighth Amendments. Lastly, Mr. Brown contends that the prosecutor and defense counsel used fraud in the inducement/execution, undue influence and misrepresentation by nondisclosure to secure the plea agreement by intentionally misrepresentating that a substance such as crack scientifically or chemically exists. Mr. Brown hasn't alleged that he received ineffective assistance of counsel when directly negotiating the waiver of his right to appeal or file a § 2255. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."). His request for a certificate of appealability must be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Brown's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Since Mr. Brown's request for a certificate of appealability (Doc. No. 46) and motion to proceed on appeal *in forma pauperis* (Doc. No. 47) has been denied, his request for appointment of counsel by this court is moot.

SO ORDERED.

ENTERED:   May 8, 2008


       /s/ Robert L. Miller, Jr.
       Chief Judge
       United States District Court